THOMAS F. DANIELS, Appellant, *v.* J. BALDWIN HAND, Respondent.

(Supreme Court, Appellate Term, First Department, November, 1916.)

**Judgment — in action to recover stenographer's fees — evidence — costs — appeal.**

> A judgment in favor of defendant in an action brought upon his promise to pay the plaintiff his fees as a stenographer in taking the testimony upon a reference, reversed, and judgment directed in favor of plaintiff for the full amount claimed, with interest, and costs in the court below and on appeal.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, sixth district, in favor of the defendant.

Percival E. Jackson, for appellant.

Richard B. Hand, for respondent.

SHEARN, J. Upon the second day of a hearing before a referee the plaintiff, a stenographer, refused to continue to report the proceedings unless he was assured of payment. According to the plaintiff's testimony, the defendant, who was associated with one Newman and others as counsel for one Ida Von Claussen, upon a hearing to determine her sanity, said: "Mr. Daniels, I want this case reported and I will be responsible to you personally for the minutes." The plaintiff had reported the first day of the hearing under these circumstances, as testified to by him: "I had just finished another case in the Sheriff's office; and I went down and asked them if they wanted this

case reported. Mr. Honeyman I addressed first. He said ' I guess so; ' he did not know. Then he turned to Mr. Hand and said, ' I suppose you want this case reported? '' Mr. Hand said, ' yes.' Mr. Newman said, ' Yes, certainly.' I said, ' all right,' and that is all that occurred at that time.'' On the morning of the second day of the hearing plaintiff received a letter from defendant saying: '' We do not of course want the minutes in re Ida Von Claussen written out, just for the present at all events; we may later. * * * That is all we want just now; just the proceedings reported; not written out.'' Plaintiff replied by letter before the second day of the hearing expressing his surprise at the letter and saying: '' I do not want to force the testimony upon you; at the same time I must be paid for services I render, and the only suggestion I can make is that I charge you ten dollars an hour for reporting the proceedings which you will agree to pay at the close of the case and then if a copy of the minutes is ordered later I will give you credit on the bill for the amount you have paid for reporting.'' These were the circumstances under which plaintiff refused to proceed to report the second day of the hearing until it was agreed that he should be paid. Upon the statement of the defendant that he would be personally responsible for the minutes, plaintiff proceeded and reported the entire proceeding, being engaged sixteen hours. Defendant having declined to pay, plaintiff brought this suit for the agreed compensation, that is, $160 for sixteen hours reporting at $10 an hour.

The plaintiff's version of the controversy was fully corroborated by two entirely disinterested witnesses, the assistant district attorney in charge of the case and the sheriff's jury clerk, who were present at the second day of the hearing, each of whom testified to

plaintiff's refusàl to proceed unless it was agreed
that he should be paid for his work and that the
defendant thereupon stated to the plaintiff that he
would be personally responsible for the payment of
plaintiff's bill. The defendant denied this, but admit-
ted that he had no clear recollection of what took place
saying that either Mr. Newman or himself '' said that
we would be responsible.   Whether I used the word
' we ' or ' Mrs. Von Claussen' would be responsible
for the — would pay for the minutes; and Mr. New-
man did say then that the respondent, that is Mrs. Von
Claussen, would be responsible for the minutes; and
any discussion that ensued was on that line.'' Defend-
ant did not call Mr. Newman or either of two other
lawyers, Messrs. Honeyman and Keech, who were
associated with him and who were present, to corrob-
orate this vague account of what took place.   The
plaintiff rendered a bill to both the defendant and Mr.
Newman, but testified that this was at the request of
the defendant, which was denied by the defendant.  If
the truth with respect to this be as defendant con-
tends, it is not at all controlling, for if the defendant
had said: '' We [meaning Mr. Newman and himself]
will be responsible,'' as he thought he may have done,
the defendant would still be liable to the plaintiff. His
real contention is that he gave plaintiff to understand
that Mrs. Von Claussen would be responsible.   The
defendant's testimony on this head, above quoted, is
so vague and uncertain that the plaintiff's testimony,
corroborated by two disinterested witnesses, stands.
practically uncontroverted.   It is not a case of the
weight of evidence, for there is substantially no pro-
bative evidence on the side of the defendant.   The
trial justice may have adopted the unfounded conten-
tion of the defendant that his promise, if established,
was invalid unless in writing.   At any rate the judg-

ment is wholly unsupported by the evidence and should have been rendered in favor of the plaintiff.

Judgment reversed, with $30 costs, and judgment is directed to be entered in favor of the plaintiff and against the defendant for the sum of $160 with interest from March 14, 1914, together with the costs in the court below.

GUY and BIJUR, JJ., concur.

Judgment reversed, with costs.